BEFORE THE FIRST DIVISION, MAY 9, 1941

No. 45812.—Petition 6108–R of Benjamin Goldstein (New York).

OLIVER, Presiding Judge: This is a petition praying for the remission of additional duties accruing under section 489, Tariff Act of 1930, due to the fact that the final appraised value exceeded the entered value of certain wood pulpboard, exported from Germany and entered at the port of New York.

The merchandise was entered at what the importer claimed to be its proper export value. The advance made by the appraiser was predicated upon foreign value. The importer, the petitioner herein, duly filed an appeal for reappraisement. Upon the trial before the single judge, decision was rendered dismissing the appeal for reappraisement (Reap. Dec. 4380). Thereafter, an appeal was duly taken to the Third Division, which, on March 21, 1939, in its decision held that the importer had failed to overcome the presumption of correctness attaching to the action of the appraiser, and it thereupon rendered its decision (Reap. Dec. 4547) dismissing all of the appeals involved. Thereafter, importer duly appealed to the United States Court of Customs and Patent Appeals which sustained the decision of the Appellate Division dismissing the appeals to reappraisement. *Transatlantic Shipping Co., Inc. (Absorbo Beer Pad Co. Inc.)* v. *United States* (28 C. C. P. A. 19, C. A. D. 118).

The foregoing history of the litigation which has been had in connection with the merchandise at bar has been set forth because, in our opinion, it has a distinct bearing upon the good faith of the importer in entering the merchandise at a value

which it believed to be the proper dutiable value. It also has a bearing upon its intention, if any, to defraud the revenue of the United States. The issue herein relates only to the additional duties which were imposed pursuant to the provisions of section 489, Tariff Act of 1930, because of the fact the merchandise was entered at a value less than what was finally determined to be the proper dutiable value.

The record before us consists of the uncontradicted testimony of the petitioner who stated that he is president of the Absorbo Beer Pad Co., Inc., the importer of the wood pulpboard covered by the importations in question. This witness testified that the purchase of this pulpboard was consummated after he had negotiated with three different German manufacturers of wood pulpboard, and it developed that the foreign shipper of the present merchandise was the only one that sold such merchandise for export, the others using it for the manufacture of merchandise in their plants. Concerning his effort to determine the proper dutiable value of this imported wood pulpboard, the witness further testified that he contacted two of his competitors in this country who imported identical merchandise from the same German manufacturer, and he was told by these competitors that the price paid by them was the same as his purchase price, the entered value herein. He also communicated with the foreign shipper requesting information as to the home-market value of this commodity and was advised that "they did not sell this particular merchandise which they shipped to us, in Germany, but only sold that quality of merchandise for export." The German manufacturer also advised him that the statement appearing on the face of the consular invoice relating to the home-market value of this merchandise for consumption in the German market was placed thereon at the direction of the American Consul who refused to take the papers unless such a statement was set forth on the consular invoice; that thereafter he, petitioner, went to the customs examiner who passed the instant merchandise, and brought with him all of his documents and papers relating to the importations under consideration and gave the examiner all the information he had obtained from his competitors and the foreign exporter whereupon the examiner advised him that—

you make your entry and I will have an investigation made, and then later on if our investigations show us the information contained on the consular invoice to be correct, then you make your entries under duress.

And the witness further testified, "that is exactly what we did."

Cross-examination developed that the general manager of the foreign shipper of the merchandise in question came to this country and was taken by petitioner to the customs examiner, who was present in court during the hearing of this petition and that this foreign representative told the examiner, in the presence of petitioner, that this foreign exporter did not sell this kind of merchandise in Germany, but only exported it. He further informed him that they did make a sale of a different quality to a competitor in the home market; and that there was no foreign-market value for the wood pulpboard involved herein although the American consular authorities insisted upon a statement appearing on the consular invoice with respect to the home-market value.

From an examination of the record before us, and a consideration of all the facts relating to the importation and appraisement of the instant merchandise, we are satisfied that the entry of the same at a less value than that found on final appraisement was without any intention to defraud the revenue of the United States, and that no attempt was made to conceal or misrepresent the facts, or to deceive the appraiser as to the true value of the merchandise.

The petition is therefore granted, and judgment will issue accordingly.